UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FRANK E. COOK and WILMA M. COOK,

         Plaintiffs,

    v.

ONE WEST BANK FSC,,

         Defendant.
                               /

NO. CIV. S-09-3581 MCE EFB PS

ORDER

----oo0oo----

On December 28, 2009, plaintiffs filed a Complaint, accompanied by an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.  The Clerk brought the motion promptly to the attention of the undersigned judge, but by that time the courier who had delivered the documents to the court had left the building.

While the pleadings set forth the names and street address of plaintiffs, they contain no telephone number or email address at which plaintiffs can be reached.  Nevertheless, at the court's direction, the Clerk undertook an internet Google search in an attempt to find an email address or telephone number for plaintiffs.  A phone number associated with the address on plaintiffs' pleadings was found,

1

1  and the Clerk placed a call to that number.  A recording was reached,
2  which did not identify the name of the holder of that number.  The
3  Clerk left two separate messages on the date the Complaint was filed,
4  but has yet received no return call.

5        Plaintiffs have therefore left the court with no other way
6  to communicate with them other than the United States mail.  The
7  complaint alleges that defendant threatens to foreclose on plaintiffs'
8  home at 9:30 a.m. on January 5, 2010.  The court is effectively unable
9  to get in touch with plaintiffs before that time.  Because of the
10 intervening holidays, it is unlikely that any written communication
11 mailed by the court would reach plaintiffs in order to notify them of
12 the time and date of a hearing before the threatened date of
13 foreclosure.

14       Accordingly, the court must determine from the pleadings
15 themselves whether plaintiffs have made a sufficient showing to be
16 entitled to a temporary restraining order.  Local Rule 56-231 provides
17 that no hearing on a temporary restraining order will normally be set
18 *unless* an affidavit detailing the notice or efforts to effect notice
19 to the affected parties or counsel or showing good cause why notice
20 should not be given is provided to the court.  Plaintiffs here have
21 submitted no such affidavit or other representation that any attempt
22 whatsoever was made to give notice to the defendant.

23       The court must therefore assume that plaintiffs are asking
24 the court to issue the temporary restraining order without notice.
25 Under Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, a
26 temporary restraining order may be issued without notice *only if* the
27 movant certifies in writing any efforts made to give notice and the
28 reasons why it should not be required.  Again, plaintiffs have made no

1 such showing, certified or otherwise.

2   Therefore, on the papers presented, the court may not issue
3 a temporary restraining order.

4   Moreover, the standards for issuance of a temporary
5 restraining order are substantially identical to those for issuance of
6 a preliminary injunction.  <u>Suthlbarg Int'l Sales Co. v. John D. Brush
7 & Co.</u>, 240 F.3d 832 n.7 (9th Cir. 2001).  Before a preliminary
8 injunction may issue, the movants must demonstrate, among other
9 things, that they are likely to succeed on the merits of their claims.
10 <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 375-76
11 (2008).  Plaintiffs' only federal claims are their first cause of
12 action for violation of due process rights, their second cause of
13 action for violation of equal protection rights, and their fourth
14 cause of action for violation of Public Law 111-22 (The Helping
15 Families Save Their Homes Act of 2009).

16   With regard to their due process and equal protection
17 claims, plaintiffs have not alleged any state action.  The fact that
18 defendant threatens a "non-judicial" sale of plaintiffs' property is
19 insufficient to allege that such action is "under color" of law in
20 order to state a claim for violation of the Fourteenth Amendment.  <u>See
21 Flagg Bros, Inc. v. Brooks</u>, 436 U.S. 149 (1978) (holding that
22 allegations that defendant threatened to sell plaintiff's furniture
23 pursuant to New York state law unless she brought her account up to
24 date within 10 days were insufficient to establish a violation of the
25 Fourteenth Amendment).  With respect to their claim under Public Law
26 111-22, plaintiffs have failed to show that the Helping Families Save
27 their Homes Act of 2009 gives rise to a private right of action.  <u>See
28 Gaitan v. Mortgate Electronic Registration Systems</u>, No. 09-1009, 2009

3

1 | WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009).

2 |         The court need express no opinion on the sufficiency of
3 | plaintiffs' state law claims of violation of the elder abuse and non-
4 | judicial foreclosure statutes.  Without their federal claims,
5 | plaintiffs are not entitled to proceed in federal court on their
6 | supplemental state law claims.  See 28 U.S.C. § 1367(c)(3).

7 |         Therefore, plaintiffs have failed to make the requisite
8 | showing that they are likely to succeed in this court on the merits of
9 | their claims.

10 |         FOR THE FOREGOING REASONS, plaintiffs' motion for a
11 | temporary restraining order is DENIED.

12 | DATED:   December 29, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4