IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK E. COOK; and
WILMA M. COOK;

        Plaintiffs,

  vs.

ONE WEST BANK, FSC,

        Defendant.

No. CIV S-09-3581 WBS EFB PS

<u>ORDER AND ORDER TO SHOW CAUSE</u>

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 28, 2009, plaintiffs filed a complaint and a motion for a temporary restraining order, and paid the filing fee.[1] Dckt. Nos. 1, 2. On that same date, the court issued its initial scheduling order. Dckt. No. 5. That order directed plaintiffs to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for April 28, 2010. The order further directed the parties to file status reports no later than fourteen days prior to the April 28, 2010 scheduling conference (by April 14, 2010), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be

---

[1] On December 29, 2009, the assigned district judge denied plaintiffs' ex parte motion for a temporary restraining order. Dckt. No. 6.

dismissed.

The court file reveals that plaintiffs have not filed a status report, as required by the December 28, 2009 order, and that plaintiffs have not yet effected service of process on defendant. Accordingly, the status conference will be continued and plaintiffs will be ordered to show cause why this case should not be dismissed for failure to follow court orders and, if service has not been effected by April 27, 2010, for failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for April 28, 2010, is continued to July 28, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiffs shall show cause, in writing, on or before July 14, 2010, why sanctions should not be imposed for failure to follow court orders and, if service has not been effected by April 27, 2010, for failure to effect service of process within the time prescribed by Rule 4(m).

3. Also by July 14, 2010, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's December 28, 2009 order, including the status of service of process.

////

////

2

1          4.  Failure of plaintiffs to comply with this order may result in the imposition of
2 sanctions, including a recommendation that this action be dismissed for lack of prosecution.  *See*
3 Fed. R. Civ. P. 41(b).
4          SO ORDERED.
5 DATED:  April 20, 2010.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE